**UNITED STATES of America,**
**Appellee,**

v.

**Efren F. URENA, Defendant–Appellant.**

No. 05–2343–CR.

United States Court of Appeals, Second Circuit.

March 22, 2006.

David A. Lewis, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, New York., for Defendant–Appellant.

Christine Y. Wong, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York; Harry Handick, Assistant United States Attorney, on the brief), New York, New York., for Appellee.

Present Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the District Court be **AFFIRMED.**

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. After reviewing the district court judgment of conviction and sentence entered on April 27, 2005, we now **AFFIRM.**

Urena pleaded guilty to illegal reentry following conviction for aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The Presentence Report recommended a term of 77 to 96 months of imprisonment, based on an offense level of 21 and a criminal history category of VI. The district court sentenced Urena to 72

months of imprisonment and a mandatory special assessment of $100, to be followed by 36 months of supervised release.

This Court reviews sentences for their "reasonableness." *United States v. Crosby*, 397 F.3d 103, 114 (2d Cir.2005). A sentence can be unreasonable based either on its length, or "[i]f a sentencing judge committed a procedural error by selecting a sentence in violation of applicable law...." *Id.* (provided that review of the procedural error has been properly preserved and the procedural error is not harmless).

Urena argues on appeal that his sentence is unreasonable because it is impermissibly greater than necessary to comply with the statutory purposes contained in 18 U.S.C. § 3553(a)(2). Pursuant to § 3553(a), "[t]he court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." 18 U.S.C. § 3553(a). Urena makes two arguments in support of his contention that the sentence is unreasonable. First, more serious crimes garner lower sentences than Urena's six-year sentence for illegal reentry. Second, Urena points to the use of "fast-track" programs[1] in other parts of the country as evidence that his 72–month sentence is not "sufficient, but [rather, is] greater than necessary" to comply with the statutory purposes.[2] Understandably the government disagrees and asserts that Urena's particular characteristics and "persistent and serious criminality" warrant a 72–month sentence, at least.

Given Urena's lengthy criminal history following prior illegal entries along with other circumstances presented here, this Court cannot conclude that a sentence five months below the recommended Guideline range was "unreasonable."

Accordingly, for the reasons set forth above, the judgment of conviction and sentence of the District Court is hereby **AFFIRMED.**

---

1. In districts that use fast-track programs, "[t]he programs work as follows: 'Through charge bargaining or stipulated departures, these programs allow a § 1326 offender who agrees to a quick guilty plea and uncontested removal to receive a reduced sentence.' " *United States v. Linval*, No. 05–CR–345, 2005 WL 3215155, at *4 (S.D.N.Y. Nov. 23, 2005) (quoting *United States v. Galvez–Barrios*, 355 F.Supp.2d 958, 963 (E.D.Wis.2005)).

2. Although Urena raised the use of fast-track programs and the sentencing disparities they create in his pre-sentence letter to the district court, *it is not clear from the record whether* the district court specifically considered fast-track programs when it sentenced Urena to a term of imprisonment five months less than the recommended guideline range. In this Circuit, district courts have expressed divergent views on whether a sentencing court can, should, or must consider the wide-spread use of fast-track programs as a factor relevant to an individual defendant's sentence. *Compare United States v. Duran*, 399 F.Supp.2d 543 (S.D.N.Y.2005) (fast-track not a relevant consideration), *with Linval*, 2005 WL 3215155 (considering fast-track), *and United States v. Krukowski*, No. 04–CR–1308 (S.D.N.Y. July 28, 2005) (considering fast-track), *and United States v. Deans*, 03–CR–387 (S.D.N.Y. Nov. 9, 2005) (considering fast-track). While this is certainly an intriguing question ripe for resolution by this Court, we need not reach this particular issue here, because even assuming the district court should have considered sentencing disparities created by the use of fast-track programs, Urena's circumstances in this case, including his criminal history, more than offset any alleged fast-track disparities.